**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| JENNIFER B.,[1]<br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 3:25-CV-1019-RCY-SLS |

**MEMORANDUM OPINION**

This matter comes before the Court on a Motion to Dismiss filed by Defendant, the Commissioner of Social Security. ECF No. 2. Plaintiff Jennifer B., who proceeds *pro se*, failed to file a response, and the time in which to do so has passed. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. Rule 7(J). For the reasons that follow, the Court will grant Defendant's Motion to Dismiss and dismiss Plaintiff's claims in this matter for lack of jurisdiction.

## I. BACKGROUND AND PROCEDURAL HISTORY

On November 17, 2025, Plaintiff initiated this action against the Commissioner of Social Security by filing a Warrant in Debt (Civil Claim for Money) in Richmond General District Court. ECF No. 1-1. Plaintiff alleges that "monthly payments sent via Direct Deposit was [sic] due on 11/3/25 at 5:50 am" and "has [sic] not been received." *Id.*

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants by their first names and last initials in social security cases.

On December 12, 2025, Defendant filed a Notice of Removal of State Court Action to United States District Court. ECF No. 1. Defendant removed the matter to this Court pursuant to 28 U.S.C. § 1442, which authorizes the United States to remove civil actions filed against it, its officers, or its agencies to the United States District Court for the district and division embracing the place where the state court action is pending. *Id.* at 2 (citing 28 U.S.C. § 1442(a)(1)).

On December 18, 2025, Defendant filed his Motion to Dismiss and Memorandum in Support, arguing that the Court should dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it lacks subject matter jurisdiction. ECF Nos. 2, 3. Specifically, Defendant contends that "the state court in which Plaintiff originally filed this action lacked jurisdiction over this case thereby, following removal, preventing this Court's exercise of subject matter jurisdiction pursuant to the derivative jurisdiction doctrine." ECF No. 3, 1-2.

On December 19, 2025, the Court issued a Notice[2] informing Plaintiff that: (1) the "opposing party has filed a motion to dismiss that, if granted, could result in the dismissal of some or all of Plaintiff's claims;" (2) she had a right to file a response to Defendant's motion within 21 days; and (3) "the Court could dismiss some or all of Plaintiff's claims on the basis of the moving party's papers if Plaintiff does not file a response." ECF No. 4. Plaintiff did not file any response within the 21-day period.

By Order dated March 19, 2026, the Court noted that Plaintiff's address had been corrected on the Court's docket and directed the Clerk "to issue a new Roseboro Notice to Plaintiff and mail a copy of the docket and all filings in this matter to her corrected address of record." ECF No. 5.

---

[2] This notice is required under *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) and commonly called the Roseboro notice. *See Milla v. Brown*, 109 F.4th 222, 233 (4th Cir. 2024).

That same day, the Clerk mailed a copy of all pleadings to Plaintiff, along with a second Notice issued by the Court. ECF No. 6. The Notice provided Plaintiff another 21 days to respond to Defendant's Motion to Dismiss and again warned that the Court could dismiss some or all of Plaintiff's claims based on the motion. *Id.* The 21-day period has passed, and Plaintiff has not filed any response.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) tests a court's subject matter jurisdiction over claims. Motions under Rule 12(b)(1) can attack jurisdiction in one of two ways: facially or factually. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). On a facial attack, such as the one at issue here, the movant argues that the complaint fails on its face to allege facts on which subject matter jurisdiction can be based. *Id.* In such a case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). So, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* A factual attack on jurisdiction, on the other hand, challenges the factual allegations underlying the assertion of jurisdiction. *Id.*

In either circumstance, "the burden of proof on a Rule 12(b)(1) motion is on the party asserting that subject matter jurisdiction exists," typically the plaintiff. 5B Wright & Miller's Federal Practice & Procedure § 1350 (4th ed. Apr. 2026 Update); *see Moore v. Gregory*, 2024 WL 1774819, at *4 (E.D. Va. Apr. 24, 2024) (citing *Piney Run Pres. Ass'n v. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008)). A court may grant a Rule 12(b)(1) motion and grant the plaintiff leave to amend, but a Rule 12(b)(1) dismissal without leave to amend is proper when

the pleader "cannot truthfully amend" to cure the jurisdictional defect. 5B Wright & Miller's Federal Practice & Procedure § 1350 (4th ed. Apr. 2026 Update).

Pleadings filed by *pro se* litigants should be afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Similarly, "appearing pro se does not relieve plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure." *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

## III. ANALYSIS

Defendant argues that the state court where Plaintiff initially filed her claims did not have jurisdiction, which in turn precludes this Court from having derivative subject matter jurisdiction over Plaintiff's claims. ECF No. 3, at 4. According to Defendant, "[t]his jurisdictional defect was not cured by the removal of this action to federal court even though jurisdiction might have existed had the action been filed in federal court at the outset." *Id.* The Court agrees with Defendant. The threshold question before the Court is whether the Richmond General District Court had subject matter jurisdiction over Plaintiff's claims. As explained below, it did not. Therefore, when the

case was removed, this Court did not acquire jurisdiction. Accordingly, the Court must dismiss for lack of subject matter jurisdiction.

Here, Defendant removed this matter under 28 U.S.C. § 1442, which permits the removal of a civil case filed against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity . . . ." 28 U.S.C. § 1442(a)(1); *see* ECF No. 1, at 2 (citing 28 U.S.C. § 1442(a)(1)). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Goldsmith v. Mayor & City Council of Balt.*, 845 F.2d 61, 63 (4th Cir. 1988) (citation omitted). For cases removed under 28 U.S.C. § 1442, such as this one, "a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007). For this category of cases, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Id.* (quoting *Lambert Run Coal. Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922)).[3]

In the United States, the federal government has sovereign immunity and may not be sued unless it waives its immunity or consents to a suit. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Social Security Act

[3] As the United States Court of Appeals for the Fourth Circuit recognized, "[d]erivative jurisdiction has been frequently criticized and Congress has eliminated the doctrine for cases removed under 28 U.S.C. § 1441, the general removal statute." *Palmer*, 498 F.3d at 239. "This abrogation, however, did not extend to cases removed under other provisions. Thus, [Fourth Circuit] precedent, in accord with the statutory removal scheme, dictates the application of the derivative-jurisdiction doctrine in cases removed under the federal-officer removal statute, 28 U.S.C. § 1442." *Id.*

(hereinafter, the "Act") provides a limited waiver of the United States' sovereign immunity, whereby private citizens may bring claims against the Commissioner of Social Security to challenge a final decision of the Social Security Administration ("SSA"). *See Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (citing 42 U.S.C. § 405(g)). The Act provides:

> Such action shall be brought in the *district court of the United States* for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the *United States District Court for the District of Columbia*.

42 U.S.C. § 405(g) (emphasis added). "Congress made clear that review would be available only 'as herein provided'—that is, only under the terms of § 405(g)." *Smith*, 587 U.S. at 475 (citations omitted). Therefore, the Act provides for judicial review only in federal district court. 42 U.S.C. § 405(g).

State courts lack concurrent state subject matter jurisdiction over suits against the United States or its agencies "unless the waiver of sovereign immunity expressly grants jurisdiction to state courts." *Braddy v. United States*, No. 3:15cv347, 2016 WL 1031301, at *2 (E.D. Va. Mar. 9, 2016) (citing *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012)). Because the Act does not expressly grant jurisdiction to state courts, the Richmond General District Court lacked jurisdiction. On removal pursuant to § 1442, the doctrine of derivative jurisdiction applies, and this Court too lacks jurisdiction.[4]

[4] Defendant also argues that "the Court lacks jurisdiction because sovereign immunity is not waived for claims seeking monetary damages against the SSA." ECF No. 3, at 3 (citations omitted). Because the Court finds it lacks derivative subject matter jurisdiction over Plaintiff's claim, it need not reach this independent argument for dismissal.

## IV. CONCLUSION

For the reasons set forth above, the Court will GRANT Defendant's Motion to Dismiss (ECF No. 2) and ORDER that Plaintiff Jennifer B.'s Complaint (ECF No. 1-1) be DISMISSED for lack of subject matter jurisdiction.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 16, 2026
Richmond, Virginia